IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SALESTRIEST RAY BRYANT, JR., )
                                                        )
       Plaintiff, )
                                                        )
vs. )            Case No. CIV-15-842-F
                                                         )
GARFIELD COUNTY DETENTION )
CENTER, )
                                                        )
      Defendant. )

## REPORT AND RECOMMENDATION

**I.    Plaintiff's claims.**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against the Garfield County Detention Center on August 3, 2015, maintaining that from the time of his June 10, 2015 arrival at the facility (1) he did not receive an indigent hygiene pack one week; (2) he received only one toothbrush; (3) he was provided with one jumpsuit per week and wore only underwear while that jumpsuit was in the laundry; (4) he missed two court appearances because he was not on the facility's docket; (5) the food was "not at adequate temperature at time served"; (6) the "[t]ea was spoiled"; (7) "we eat in our cells five feet from the toilet" though "[t]ables are provided in the pod"; (8) there are "[n]o restrooms facility on the pod when we are rec"; (9) his pod's water fountain was taken out; (10) he had no access to a law library; (11) "[m]ail is with-held"; (12) "[l]egal mail is not always open in the presence of inmates, and they don't remove the staples from paper-

work"; (13) "[t]o relieve ourselves, urinate, we have to go in the showers"; and (14) "they are not responding to request of staff & grievance forms[.]" Doc. 1, at 2-3.

United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

## II. Plaintiff's failure to respond to court orders.

In conjunction with his complaint, Plaintiff sought leave to proceed in forma pauperis. Doc. 3. The undersigned advised Plaintiff that his application was deficient because (1) it was not signed by an authorized officer of the facility and (2) it did not include a certified copy of his institutional accounts statement for the six-month period immediately preceding the filing of his complaint. Doc. 6, at 1. The undersigned gave Plaintiff until August 24, 2015 to correct those deficiencies and cautioned him that failure to comply with the order could result in the dismissal of his action. *Id.* at 2.

On August 14, 2015, Plaintiff filed a second application, this time with a prison official's signature but, once again, without a copy of the institutional accounts statement required under 28 U.S.C. § 1915(a)(2). Doc. 8. Because Plaintiff had previously advised the court that he was having difficulty in obtaining the necessary paperwork from the facility, *see* Doc. 5, the undersigned

2

gave Plaintiff more time – until September 8, 2015 – to cure the remaining deficiency, once again warning him that failure to comply with the order could result in the dismissal of his action. Doc. 9. To date, Plaintiff has not cured that deficiency, and he has not requested an extension of time to do so.

The court has the discretion to dismiss this action, without prejudice to refiling, due to Plaintiff's failure to comply with court orders. *See Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774 (10th Cir. 2014). "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir.2007)). Where the statute of limitations has expired as to Plaintiff's claims, a dismissal without prejudice for failure to prosecute or comply with court rules and orders can have the same "practical effect" as a dismissal with prejudice. *Id.* That is not the case here. Plaintiff claims violations of his constitutional rights no earlier than June 10, 2015. Doc. 1, at 2.

### III. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends the dismissal without prejudice of Plaintiff's complaint.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before October 13, 2015, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 21st day of September, 2015.

/s/ Suzanne Mitchell

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE